(C. D. 525)

MEINHARD, TAYLOR GALLERIES, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided August 7, 1941)

Plaintiff not represented by counsel.

*Paul P. Rao,* Assistant Attorney General (*Joseph E. Weil,* special attorney), for the defendant.

Before CLINE and KEEFE, Judges

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover the duty assessed on one painting in water

colors which was classified by the collector under the provision for paintings which are works of art and assessed with duty at the rate of 15 per centum ad valorem under paragraph 1547 (a) of the Tariff Act of 1930 as amended by the trade agreement with the United Kingdom, published in T. D. 49753. The plaintiff claims that the article is free of duty under paragraph 1807 which, insofar as pertinent, reads as follows:

PAR. 1807. Original paintings in oil, mineral, water, or other colors * * * and the words "painting," * * * as used in this paragraph shall not be understood to include any articles of utility or for industrial use, nor such as are made wholly or in part by stenciling or any other mechanical process; * * *

At the trial Mr. John A. Taylor, a partner in the importing firm, testified that he had been a dealer in works of art for 25 years; that the painting herein involved was imported for sale to a customer as a work of art and was not imported for utilitarian purposes or industrial use; that it was produced by the artist J. S. Spurling, who died about 15 years ago; that he had handled other paintings by the same artist and was familiar with his work; that the following statement was written on the back of the article and signed by the artist.

..To the blockmaker. Please take of the top of the picture only to meet the requirements for the cover of Blue Peter. All colors to be of a rich clip tone. No gear to be overlined. J. S. Spurling.

The witness testified further that the article in question had not been used for reproduction or for any utilitarian or industrial use, or even offered for sale for such purpose; that his firm has never sold pictures either outright or reproduction rights to calendar houses or other firms, but the firm of Howard Young Galleries, with which his firm was formerly associated, had made such sales. On cross-examination the witness admitted that his partner had written a letter to the collector stating that Mr. Spurling's paintings "make lovely reproductions" and that some of his paintings have been reproduced.

The collector, in his memorandum attached to the protest, directs attention to the appraiser's notation on the invoice reading, "believed created for industrial purposes" and, manifestly, in holding that the painting is not free of duty under paragraph 1807, he must have based his decision on the statement made by the appraiser, because paintings for utilitarian or industrial use are excluded from that paragraph.

In the case of *Pitt & Scott* v. *United States*, 18 C. C. P. A. 326, T. D. 44584, the court held that paintings which were conceived and designed to illustrate scenes in a story to be published in a magazine were articles of utility whether or not they were actually used for the purpose for which they were produced. In that case the court ruled that the intent of the artist when he produces paintings shall be considered in determining whether or not the work produced is an article

of utility and that the use of the pictures in this country for·purposes other than industrial use is not conclusive.

The collector's decision in this case carries with it the presumption that the painting herein involved was created by the artist for use in making reproductions and we find no evidence in the record to dispute the correctness of that presumption. We hold that the evidence submitted is not sufficient to overcome the presumption of correctness attaching to the collector's decision. The protest is overruled. Judgment will be entered in favor of the defendant.